IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KONINKLIJKE KPN N.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| SAMSUNG ELECTRONICS CO., LTD, | § | |
| | § | **FILED UNDER SEAL** |
| Defendant. | § | |

**NOTICE OF REMOVAL OF**
**DEFENDANT SAMSUNG ELECTRONICS CO., LTD**

Defendant Samsung Electronics Co., Ltd. ("Samsung") hereby removes this action pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446, and 1454 from the District Court of Harrison County, Texas, to the United States District Court for the Eastern District of Texas, and respectfully states to this Court as follows:

1. On or about September 28, 2022, Plaintiff Koninklijke KPN N.V. ("KPN") filed a civil action against Defendant in the 71st District Court of Harrison County, Texas, styled *Koninklijke KPN N.V. v. Samsung Electronics Co., Ltd.* and bearing the Cause Number 22-0762. *See* Ex. [B-3], Pl's Orig. Pet. Plaintiff's petition included a demand for trial by jury. *Id.*

2. For the reasons described below, this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims raised and damages asserted by KPN are based on the allegation that Samsung infringed KPN's patents. Thus, the case presents a substantial federal question and implicates the exclusive jurisdiction of federal district courts over patent disputes.

## I.   Defendant has satisfied the procedural requirements for removal.

3.   This notice of removal is timely because Samsung removed the case to federal district court within 30 days of "receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). In the alternative, the time limitations in 28 U.S.C. § 1446(b) should be extended for cause shown. *See* 28 U.S.C. § 1454(b)(2).

4.   Defendants are filing written notice of this removal with the clerk of the state court in which the action is currently pending. *See* 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon KPN. *Id*.

5.   The United States District Court for the Eastern District of Texas, Marshall Division, embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(c)(4), 1441(a), and 1446(a).

6.   Pursuant to Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by the following:

   i.   a list of all parties in the case, their party type (*e.g.*, plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (*e.g.*, pending, dismissed) (Exhibit A);

   ii.   a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (*e.g.*, complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) (Exhibit B);

   iii.   a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney (Exhibit C);

      iv.    a record of which parties have requested jury trial (this information is in addition to filing a separate jury demand pursuant to Local Rule CV-38(a)) (Exhibit D); and

      v.    the name and address of the court from which the case was removed (Exhibit E).

**II.    The Court has subject matter jurisdiction over this case pursuant to §§ 1331 and 1338, because the claims raised and evidence relied on by KPN present a substantial federal question.**

    7.    This Court has subject matter jurisdiction over this lawsuit on the basis of federal question jurisdiction and exclusive federal patent jurisdiction because the claims raised and evidence relied on by KPN present a substantial federal question of patent law. *See* 28 U.S.C. § 1331, 1338(a).

    8.    This case arises out of the settlement of several patent infringement suits brought by KPN against Samsung in 2014 that were pending in the United States District Court for the Eastern District of Texas. *See* Ex. [B-3], Pl.'s Orig. Pet. Ex. 1 at 2. In 2016, the parties entered into a Settlement Agreement to resolve those lawsuits. *Id.* at 2-3.

    9.    Under the Settlement Agreement, in return for Samsung's $11.5 million payment, KPN granted Samsung, *inter alia*, a covenant not to sue Samsung for infringement of certain KPN patents until the end of 2024. KPN's claims in this case relate to a "waiver-of-damages" provision contained within KPN's covenant not to sue. In that provision, the parties agreed that damages would not accrue during the term of the covenant not to sue, but that "[i]n the event that Samsung takes a license from a Patent Pool," KPN retains its "right . . . to receive" its "share of any Patent Pool Payment made by Samsung to that Patent Pool" during that time period. *Id.* art. 2.3.1.

    10.    KPN's claims in this lawsuit are for breach of contract and unjust enrichment. Ex. [B-3], Pl.'s Orig. Pet. ¶ 38-46. Thus, KPN purported to assert only state law

claims, and it was not apparent from KPN's initial pleadings that this action presented federal questions that made this action subject to removal.  *See* 28 U.S.C. 1446(b)(1).

11. At no point before the trial of this case was it "unequivocally clear and certain," *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-212 (5th Cir. 2002), that this case presented a substantial federal question and was thus removable.  Indeed, KPN repeatedly asserted throughout the course of the state court litigation that this was not a patent infringement case, and KPN did not disclose that any of its witnesses would testify about Samsung's alleged infringement of KPN's patents.

12. For example, after the state court's deadline to amend the pleadings had expired, KPN served an expert report that assumed patent infringement as a basis for its damages calculations.  But when Samsung moved to amend its pleadings to assert a counterclaim against KPN that KPN had breached the Settlement Agreement's covenant not to sue Samsung for patent infringement, KPN forcefully asserted that it was not pursuing a patent infringement case against Samsung and was not relying "on any analysis of whether Samsung's products infringe on KPN's patents."  *See* Ex. [B-6], Pl.'s Opp. to Defendant's Motion for Leave to Amend Pleadings to Add Counterclaim for Breach of Contract at 6 ("True to its contractual promises, KPN did not sue Samsung for patent infringement, it did not ask for patent damages in this case, and is not relying on any analysis of whether Samsung's products infringe on KPN's patents.").[1]  KPN repeated this assertion most recently at the pre-trial hearing.  *See* Ex. [F-2], Transcript of Pretrial Hearing of Feb. 16, 2024, at 114:10 (this is "[n]ot a patent infringement case.").

---

[1] *See also* Ex. [F-1], Deposition Transcript of J. Donald Fancher, at 246:21-25 (confirming that he was "not offering evidence" that "Samsung is using KPN's technology"); *see id.* at 211:3-11 (confirming that the extent to which Samsung used KPN's technology was not "a factor that would be important for a damages analysis" in a "case such as this").

13. Notwithstanding its prior statements that it was not pursuing a patent infringement case against Samsung, KPN explicitly offered evidence and argument that it was entitled to relief because Samsung had infringed its patents without paying for them. *See, e.g.*, Ex. [F-3], Trial Transcript Day 1, KPN's Opening Statement, at 123:7-9 ("Samsung chose to ignore th[e Settlement A]greement and continue to use KPN's property without paying what it promised to pay."); *id.*, Trial Transcript Day 1, Testimony of Lia Gerritse, at 181:18-19 ("So if Samsung was to comply with the 4G standard, they would have to use our patents); Ex [F-4], Trial Transcript of Day 2, Testimony of J. Donald Fancher, at 129:15-18 ("[KPN's patents] are standard and essential.  Samsung is making 3G and 4G phones.  They have to be using those patents."); *id.* at 150:6-9 ("So whatever date that you say I believe this organization's infringing my patent, I can go back six years and collect damages, royalties for all of that period of time.").

14. Thus, as it was argued at trial, KPN's claims were patent claims masquerading as state law claims.  Because KPN relied on the allegation that Samsung had infringed its patents, this case presents a substantial federal question—and implicated the exclusive jurisdiction of the federal courts over cases arising under patent laws—that made the case removable to federal court.

15. It was not until Samsung received the transcripts of the trial testimony that it became "unequivocally clear and certain" that this case presented a substantial federal question and was removable to federal court.  Samsung began receiving these transcripts on February 20, 2024, and thus the 30-day deadline to remove the case to federal court began at that point.  *See* 28 U.S.C. § 1446(b)(3); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) (holding that the 30-day removal deadline began to run upon the defendant's receipt of a deposition transcript that made unequivocally clear and certain that the case was removable to federal court).

5

Because the 30-day deadline to remove has not expired, Samsung has timely removed this case to federal court.

16. In the alternative, the Court should find that cause exists to extend the 30-day deadline to file a notice of removal that is provided by the patent-specific removal statute, 28 U.S.C. § 1454(b)(2) ("[T]he time limitations contained in section 1446(b) may be extended at any time for cause shown."). As noted above, KPN argued throughout the pre-trial proceedings that "KPN did not sue Samsung for patent infringement, it did not ask for patent damages in this case, and is not relying on any analysis of whether Samsung's products infringe on KPN's patents." But at trial, KPN made an about-face. For example, in its unjust enrichment cause of action, KPN argued at trial that Samsung was unjustly enriched by its use of KPN's patented 3G and 4G technology without paying KPN for it and without obtaining a license. That is the essence of a claim for patent infringement. Because KPN did not disclose that any of its witnesses would testify about Samsung's alleged infringement of KPN's patents and in fact had expressly disclaimed to the state district court that it would rely on any such evidence, Samsung could not have known that KPN would attempt to prove infringement until the trial proceedings began and KPN presented a case that relied on Samsung's alleged infringement. Thus, cause exists to extend the deadline to remove this case to federal court under the patent removal statute.

WHEREFORE, Defendant respectfully removes this action bearing the Cause Number 22-0762 from the District Court of Harrison County, Texas to this Court, pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446, and 1454.

Dated:  February 26, 2024

OF COUNSEL:
Thomas E. O'Brien
Texas Bar Number 24046543
2001 Ross Ave, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: tom.obrien@bakerbotts.com
BAKER BOTTS L.L.P.

Scott D. Powers
Texas Bar Number 24027746
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Telephone: (512) 322-2678
Facsimile: (512) 322- 8392
Email: scott.powers@bakerbotts.com
BAKER BOTTS L.L.P.

Neil P. Sirota
New York State Bar Number: 2562155
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
Email: neil.sirota@bakerbotts.com
BAKER BOTTS L.L.P.

Kevin M. Sadler
Texas Bar Number: 17512450
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7518
Facsimile: (650) 739-7618
Email: kevin.sadler@bakerbotts.com
BAKER BOTTS L.L.P.

Respectfully submitted,

GILLAM & SMITH, LLP

By: */s/ Melissa R. Smith*
   Melissa R. Smith
   Texas Bar Number: 24001351
   Attorney-in-Charge
   Texas Bar No. 24001351
   Harry Lee 'Gil' Gillam Jr.
   Texas Bar Number: 07921800
   303 South Washington Avenue
   Marshall, Texas 75670
   Telephone:  (903) 934-8450
   Facsimile:  (903) 934-9257
   melissa@gillamsmithlaw.com

ATTORNEYS FOR DEFENDANT
SAMSUNG ELECTRONICS CO., LTD

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing will be sent to counsel of record by electronic mail on this the 26th day of February 2024 as follows:

          */s/ Melissa R. Smith*
          Melissa R. Smith