IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KONINKLIJKE KPN N.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:24-cv-00135-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| | § | |
| Defendant. | § | |

**KPN'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE UNDER SEAL ITS NOTICE OF REMOVAL**

This matter arises out of Samsung's attempt to avoid a $287 million verdict lawfully awarded last Friday, February 23, 2024, by a jury in the 71st Judicial District Court of Harrison County, Texas.[1]

Samsung's boilerplate two-page request to "file under seal" its "Notice of Removal" and "supporting exhibits," Mot. at 1–2, obfuscates the extraordinary relief it is actually seeking from the Court: not to redact certain, limited confidential items from public view, but to **conceal the very existence of this case from the public**. In federal court, "[j]udicial records belong to the American people; they are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). Federal courts across the country thus "heavily disfavor sealing information placed in the judicial record." *Id.* (finding it was error to permit broad sealing).

Nonetheless, as of the date of this writing, **there is no public record of this case** whatsoever—no way to look up the docket online or file anything without emailing the Clerk to

---

[1] KPN reserves all rights to challenge Samsung's improper, untimely removal.

1

accept a sealed filing—because, as far as KPN's counsel has been informed by the Clerk of the Court, Samsung instructed that the ***entire case, not just its initiating document***, should be concealed from the public.

Samsung does not even mention, much less justify, its request that this entire case be sealed. The Court should therefore order the matter unsealed. As to the remainder of Samsung's motion, the Court should deny Samsung's request to file its Notice of Removal entirely under seal and instead order that Samsung must file a public version of the notice that redacts only ***actually*** protected information.

A.     **Samsung Has the Heavy Burden to Justify Sealing**

As the Fifth Circuit has repeatedly explained, sealed filings are "heavily disfavor[ed]" because they fundamentally conflict with the public's right to access court records:

> Judicial records belong to the American people; they are public, not private, documents. And the public's right of access to judicial records is a fundamental element of the rule of law. The public has an interest in transparent court proceedings that is independent of the parties' interests. This right serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. Accordingly, we heavily disfavor sealing information placed in the judicial record.

*June Med.*, 22 F.4th at 519–20 (quotations and citations omitted). As such, when evaluating any sealing request, "the working presumption is that judicial records should not be sealed," and courts "must undertake a document-by-document, line-by-line balancing of the public's comment law right of access against the interests favoring nondisclosure." *Id.* at 521 (quotations and citations omitted). "[T]o the extent that any sealing is necessary, it must be congruent to the need." *Id.*

Samsung's motion does not undertake any document-by-document analysis, much less do "line-by-line" balancing. In fact, Samsung does not even mention, or try to justify, its request to the Clerk to ***seal the entire case***. KPN is unaware of any authority permitting such extraordinary,

unjustified secrecy. On the contrary, as one Judge observed, "[r]esearch conducted to date suggests that the number of cases placed entirely under seal is likely vanishingly small." Hon. T. S. Ellis, III, *Sealing, Judicial Transparency and Judicial Independence*, 53 Vill. L. Rev. 939, 948 (2008).

**B.      Samsung Fails to Justify Hiding the Existence of its Removal Efforts**

Samsung suggests it "conferred" with KPN about its requested relief over "email" and that KPN "advised that it opposes" Samsung's Motion. Mot. at 6. In truth, KPN advised Samsung that although "[w]e oppose a fully sealed notice of removal, [we] would support a motion that contemplates filing a public version that redacts any actually protected information," which "should be quite minimal." *See* Ex. A. Instead of responding, Samsung filed its Motion, describing KPN as "opposed." Mot. at 6.

KPN continues to not oppose redacting actually protected information from the public record and attaches as Exhibit B a proposed, redacted version of Samsung's Notice of Removal that should finally be filed on a public docket. But KPN does oppose concealing this entire proceeding from public view, as Samsung has currently mandated (to the Clerk) and never justified (to the Court). KPN also opposes the wholesale redaction of Samsung's removal petition from the public view. Samsung fails to justify this relief.

First, Samsung points generically to the Texas protective order that governed the parties' discovery exchanges. Mot. at 2. The Fifth Circuit has squarely rejected that justification for sealing, stating that whether "a document qualifies for a protective order . . . for discovery says nothing about whether it should be sealed once it is placed in the ***judicial record***." *June Med*., 22 F.4th at 521 (emphasis from the Court). As the Court explained, the standard for protection "[a]t the discovery stage, when parties are exchanging information," is much lower than "at the adjudicative stage," and when "materials enter the court record, the standard for shielding records

3

from public view is far more arduous." *Id.* The Court thus found that it was error to permit sealing based on the fact that the documents at issue fell within the scope of a protective order. *Id.* And in any case, nothing in the Texas protective order permits concealing the existence of the entire removal process from public view. *See* Dkt. 1-8 ¶ 15 ("This Order does not seal court records in this case and is intended only to facilitate the prompt production of discovery materials. … No determination is being made by the Court at this time that these documents are entitled to protection.").

Second, Samsung intimates this proceeding was conducted by the Texas court under a legitimate cloak of secrecy that must, for reasons unstated by Samsung, continue. Mot. at 1–2. Not so. The first pleading in the case—KPN's petition, attaching its confidential settlement agreement with Samsung—was filed under seal pursuant to the requirements of the parties' agreement. As a result, all further court filings were routinely placed under seal by the Texas court without further examination. At no point were the parties asked to make the line-by-line showing required by federal courts for sealed pleadings.

Similarly, while Samsung points to the fact that the Texas court conducted the jury trial under seal, that was requested by Samsung and done for convenience, so that the parties would not have to repeatedly seal and unseal the courtroom, and not based on any finding by the Texas court that confidential information requiring *sealing the existence of the entire case from public view*. Contrary to Samsung's suggestion, the parties have argued the same issues raised by Samsung here in open court in Texas. *See* Ex. C, Unsealed Transcript of January 12, 2024 Hearing on Samsung's Motion for Leave to Amend Pleadings (quoting relevant provisions of the 2016 KPN-Samsung Agreement and discussing Samsung's contention that KPN was seeking patent infringement damages). Nor is the jury's verdict sealed.

In sum, Samsung cites no authority permitting the extraordinary relief it demands. There is a good reason: The fact that Samsung lost a jury trial and is now trying to avoid the jury's $287 million verdict by filing a meritless collateral attack on the state court system is not confidential. The Court should deny Samsung's Motion.

Dated:  February 27, 2024

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*s/ Alexandra G. White*
Alexandra G. White
State Bar No. 24048876
Hunter Vance
Texas Bar No. 24102596
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: lwhite@susmangodfrey.com
Email: hvance@susmangodfrey.com

Andres Healy
WA State Bar No. 45578
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: ahealy@susmangodfrey.com

Tamar E. Lusztig
NY State Bar No. 5125174
Samir Doshi
NY State Bar No. 5689963
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: tlusztig@susmangodfrey.com
Email: sdoshi@susmangodfrey.com

Eliza Finley
CA State Bar No. 301318
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: efinley@susmangodfrey.com

Kurt Truelove
Texas Bar No. 24013653
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
P.O. Box 1409
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

*Attorneys for Plaintiff Koninklijke KPN N.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

　　　　　　　　　　　　　　*/s/ Eliza Finley*